UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KARL JUSTIN PAIGE,

                            Petitioner,

               -v.-                                     9:06-CV-0791
                                                                           (GLS)(DRH)

ELIOT SPITZER, Attorney General of the State
of New York; DALE ARTUS, Superintendent,
Clinton Correctional Facility,

                            Respondents.

---

APPEARANCES:

KARL JUSTIN PAIGE
Petitioner, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

      By Order of this Court filed December 21, 2006 ("December Order"), petitioner Karl Justin Paige was directed to file an amended petition providing information necessary to determine whether his Federal habeas petition was timely filed. Dkt. No. 3. Rather than filing an amended petition, petitioner has submitted a document, which is essentially a memorandum of law, explaining to the Court why his petition should not be dismissed as time barred. Dkt. No. 4. Paige seems to argue that he is entitled to have his federal habeas petition heard, whether timely or not. Dkt. No. 4. The Court will review this submission in conjunction with the original petition.

**I.**     **Due process claim**

      Paige alleges that New York's Criminal Procedure Law ("CPL") "permits convicted defendants to challenge their conviction or sentence at **ANY TIME** after their conviction has become final." Dkt. No. 4 at 1. Paige filed a CPL § 440.10 motion in state court on

November 17, 2004. Dkt. No. 1, Affidavit at 6. For purposes of filing a federal habeas petition, Paige's statute of limitations expired on April 24, 1997.[1] Paige seems to argue that, since the state gave him an opportunity to challenge his conviction at such a late date, due process dictates that he should be allowed to proceed to the next logical step - - namely, the filing of a federal habeas petition. Dkt. No. 4 at 1-2.

The fact that the state afforded Paige a belated remedy does not overcome the fact that his petition in this Court is time-barred. The filing of a state court collateral challenge **after** a petitioner's federal statute of limitations has expired does **not** re-start the statute of limitations for filing a federal habeas petition. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (AEDPA's tolling provision does not reset date from which the one-year limitations periods begins to run), *cert. denied* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *see also Youngblood v. Greiner,* No. 00 CIV. 7984, 2003 WL 145546, at *2 n.3 (S.D.N.Y. Jan.21, 2003) ("*Smith v. McGinnis* ... made clear that the limitations period does not begin anew after collateral relief is pursued"); *Rodriguez v. People of State of New York,* No. 01 CIV. 9374, 2003 WL 289598, at *13 (S.D.N.Y. Feb.11, 2003) (citing *Smith* ); *Scarola v. Kelly,* 99 CIV. 4704, 2001 WL 849449 at *3 (S.D.N.Y. July 27, 2001) (filing of a post-judgment state court motion does not restart the one year limitations period); *Stokes v. Miller,* 00 CIV. 0806, 2000 WL 1121364, at *2 n.3 (S.D.N.Y. July 21,

---

[1] The New York State Court of Appeals denied Paige leave to appeal on September 22, 1986. Dkt. No. 1 at 2; *see also People v. Paige*, 68 N.Y.2d 815 (1986). However, in this case because petitioner's conviction became final prior to April 24, 1996, the effective date of the AEDPA, Paige is entitled to the benefit of a one-year grace period in which to file a habeas corpus petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). Paige's conviction thus became "final" for purposes of the AEDPA on April 24, 1996 and the one year statute of limitations began to run on that date. Since Paige did not file any state court challenges within the year following April 24, 1996, Paige's statute of limitations expired on April 24, 1997. This Court's prior Order incorrectly stated that Paige's statute of limitations expired on December 22, 1987.

2000) ("[i]t is well-settled that post conviction or other collateral review does not start the one year statute of limitations to run anew") (citing *Smith* ).  Paige's due process argument is without merit.

## II.     Tolling the statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations.  However, the Second Circuit has held that the AEDPA's limitation period can be equitably tolled in extraordinary situations.  *See Smith,* 208 F.3d at 17. Additionally, although the Second Circuit has acknowledged that the "question remains open" as to whether the United States Constitution requires an "actual innocence'" exception to the AEDPA's statute of limitations, *see Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003), that court has nonetheless directed district courts to consider a claim of actual innocence before dismissing a habeas petition as untimely filed. *Id.*; *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (citing *Whitley*); *Austin v. Duncan*, 02 CIV. 0732, 2005 WL 2030742, at *4 (W.D.N.Y. Aug. 23, 2005) (citation omitted).

### A.  Equitable tolling

> Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'  In order to equitably toll the one year period of limitations, [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time.

*Smith*, 208 F.3d at 17 (quoting *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999)) (alteration in original); *see also Menefee*, 391 F.3d at 159 (citing *Smith*); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) (citing *Smith*). Specifically, it has been

---

[2]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

held that the equitable tolling of the AEDPA's statute of limitations is only available when "extraordinary circumstances" prevent a prisoner from filing a timely habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith*, 208 F.3d at 17); *Doe*, 391 F.3d at 154; *Spaulding v. Cunningham*, No. 04 CIV. 2965, 2005 WL 1890398, at *3 (E.D.N.Y. Aug. 4, 2005); *Agramonte v. Walsh*, 00 CIV. 892, 2002 WL 1364086, at *1 (E.D.N.Y. June 20, 2002). "The mere existence of extraordinary circumstances is not sufficient; those circumstances must have actually prevented the petitioner from filing his habeas petition on time." *Austin*, 2005 WL 2030742, at *3 (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.")). Additionally, "[t]o merit application of equitable tolling, the petitioner must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133 (2d Cir. 2001) (internal quotation and citation omitted), *cert. denied*, 535 U.S. 1017 (2002); *see also Warren*, 219 F.3d at 113 (citing *Smith*); *West v. Hamill*, No. 04 CIV 2393, 2005 WL 1861735, at *1 (E.D.N.Y. Aug. 1, 2005) (citing *Smith*); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir.1999) (no equitable tolling "absent a showing that [the petitioner] diligently pursued his application the remainder of the time [between the extraordinary circumstance and the filing deadline] and still could not complete it on time").

Paige does not point to any "extraordinary circumstance" that prevented him from filing his habeas petition on time. He merely states that he chose not to file a federal habeas petition challenging his escape and robbery convictions when those convictions became final.[3] Dkt. No. 1, Affidavit at 3. After the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Paige decided to challenge his escape and robbery convictions, but even then, he waited an additional four years before filing his first state court challenge.

Even if Paige could point to some impediment that prevented him from timely filing his petition, this alone is not enough to justify the application of equitable tolling. Paige must also demonstrate that he acted with reasonable diligence. Paige was aware of his attorney's alleged ineffectiveness at the time he was sentenced in 1985; Paige claims that it was at his sentencing that he learned that his attorney had not relayed to Paige plea offers that had been made by the prosecutor and had not advised Paige of the possibility of an enhanced sentence. Dkt. No. 1 at 2-3. Nine years elapsed between the time that Paige was sentenced and any court action was commenced.[4] Paige was not **prevented** from filing a habeas petition or any other application at an earlier time and he did not pursue his remedies with reasonable diligence.

The court finds no basis to invoke equitable tolling in order to save Paige's untimely petition.

**B. Actual innocence exception**

---

[3] Paige did file a federal habeas petition in 1988 challenging a separate and distinct murder conviction which was contemporaneous to his escape and robbery convictions. Dkt. No. 1, Affidavit at 3.

[4] Paige filed a state court CPL 440 motion on November 17, 2004. Dkt. No. 1, Affidavit at 6. He filed the present habeas petition on June 27, 2007. Dkt. No. 1.

Paige also claims that he is actually innocent of being a persistent felony offender, and therefore his time-barred petition should be reviewed on the merits. Dkt. No. 4 at 2-5. Specifically, Paige alleges that he "has made a colorable showing of actual innocence of persistent felony charges, and that he would not have been sentenced to 15 years to life as a persistent felony offender had he not been denied his basic fundamental rights to effective assistance of trial counsel...." *Id.* at 5. Paige's actual innocence claim is based upon his arguments that (1) the state court improperly sentenced him as a persistent felony offender and (2) he was denied effective assistance of counsel. Dkt. No. 1, Affidavit at 6-7. In support of his ineffective assistance of counsel claim, Paige alleges that at his state court sentencing hearing, which was held on June 13, 1985, Paige first learned that the prosecution had made "plea offers" to Paige's attorney and also advised Paige's attorney that "the prosecution would seek to sentence Petitioner as a persistent felony offender if convicted." *Id.* at 2-3. Paige claims that his attorney never advised him of the plea offers and never told him that he would face an enhanced sentence if convicted. *Id.*

The Second Circuit Court of Appeals has yet to rule on whether "the Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations." *Whitley*, 317 F.3d at 225 (citing *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000), *cert. denied*, 531 U.S. 873 (2000). The Second Circuit has stated that:

> [i]n a proper case, we will decide whether constitutional considerations require an actual innocence exception to the AEDPA's statute of limitations.... *See Lucidore*, 209 F.3d at 114 (In order to show actual innocence, "a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)); *Wyzykowski v. Dep't of Corrs.*, 226

6

> F.3d 1213, 1218 (11th Cir. 2000) ("[T]he factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence.").

*Whitley*, 317 F.3d at 225.

The Second Circuit has "instructed district courts faced with untimely petitions in which the petitioner asserts his or her actual innocence to determine, in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence." *Doe*, 391 F.3d at 161 (citing *Whitley*, 317 F.3d at 225)).

> In *Ludicore*,[5] the Second Circuit made plain that a petitioner would not be able to argue for an exception unless he demonstrated "that he is actually innocent of the charges" on which he was convicted. *Id.* at 114. To demonstrate actual innocence, moreover, a habeas petitioner must present "'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *Schulp v. Deo*, 513 U.S. 298, 299 (1995)).

*Graham v. Strack*, No. 00 CIV 1632IRR, 2002 WL 1267997, at *3 (E.D.N.Y. Mar. 29, 2002).

Additionally, in *Menefee*, the Second Circuit noted:

The *Schlup* Court[6] carefully limited the type of evidence on which an actual innocence claim may be based and crafted a demanding standard that petitioners must meet in order to take advantage of the gateway. The petitioner must support his claim "with new reliable evidence – whether it be

---

[5] *Ludicore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000).

[6] *Schlup v. Delo*, 513 U.S. 298 (1995).

> exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
> physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at
> 324.

*Menefee*, 391 F.3d at 161.

Paige does not challenge his actual conviction, but challenges his sentence as a persistent felony offender.  In *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171-72 (2d Cir. 2000), the Second Circuit held that "actual innocence" can include not only innocence of the offense itself, but also innocence of an underlying fact that resulted in an increased penalty for the petitioner.  In the context of sentencing, to show actual innocence, the petitioner must show by clear and convincing evidence that, but for a constitutional error, he or she would not have been eligible for the sentence received.  *Spence*, 219 F.3d at 172.  The Second Circuit further found that when challenging a sentence on the basis of actual innocence, as opposed to challenging the underlying conviction, a petitioner must "by clear and convincing evidence [show] that he is actually innocent of the act on which his harsher sentence was based."  *Spence*, 219 F.3d at 172; *see also Calderon v. Thompson*, 523 U.S. 538, 559-60 (1998) ("clear and convincing" standard applies to demonstrate actual innocence in sentencing, where lesser standard is required to show actual innocence of the underlying crime).  A claim of actual innocence fails "when it consists of nothing more than an unsupported allegation." *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1159 (N.D. Iowa 2000) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000)).

Paige does not meet the high standard set for an actual innocence claim with respect to challenging his sentence.  He offers no new evidence demonstrating his innocence of any fact used to adjudicate him as a persistent felony offender.  He relies

8

only on conclusory assertions that he should not have been sentenced as a persistent felony offender. Since Paige has not established a credible claim of actual innocence with respect to his enhanced sentence, the Court need not decide whether actual innocence would save Paige's untimely petition.

### III. Conclusion

Paige's due process argument is without merit. Paige has not established that he is entitled to equitable tolling and has not made a colorable claim that he is actually innocent of being a persistent felony offender. Paige's petition is therefore dismissed as time-barred.

**WHEREFORE**, it is hereby

**ORDERED**, that the petition is dismissed for the reasons set forth above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Paige.

IT IS SO ORDERED.

April 4, 2007
Albany, New York

_Gary L. Sharpe_
United States District Court Judge